IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                         PLAINTIFF

v.                              CASE NO. 4:17-CR-00324-BSM-2

TERRIE LYNN YANCY                                                                 DEFENDANT

## ORDER

Terrie Lynn Yancy's motion for compassionate release [Doc. No. 252] is denied.

Yancy pleaded guilty to conspiracy to commit bank fraud and aggravated identify theft. Doc. No. 183. She was sentenced to 65 months of imprisonment. Doc. No. 206. She moves for compassionate early release, pursuant to 18 U.S.C. section 3582(c)(1)(A), which requires consideration of 18 U.S.C.A. section 3553 sentencing factors.

Yancy has exhausted her administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A). She filed a request for release with BOP, due to the threat posed by the COVID-19 pandemic. Mot. Reconsideration at 2, Doc. No. 256. That request was denied on July 1, 2020, so there is jurisdiction over her motion. *Id.*; *see United States v. Smith*, case number 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020).

Yancy argues that she qualifies for compassionate release because she has underlying medical conditions that greatly increase her likelihood of suffering severe complications from the virus. Mot. Release at 1, Doc. No. 252. Yancy argues that her conditions, which include diabetes, asthma, and a history of breast cancer, among others, are "extraordinary and compelling" reasons that warrant compassionate release. *Id.*; 18 U.S.C. § 3582(c)(1)(A)(i).

The government responds that Yancy does not claim that she is suffering from a terminal illness or medical condition that, per U.S.S.G. section 1B1.13, "substantially diminishes" her ability to provide self-care in prison. Resp. Mot. Release at 4, Doc. No. 262. Further, the government argues, even though Yancy's underlying conditions are associated with greater risk of coronavirus complications, general concerns about coronavirus exposure do not satisfy the "extraordinary and compelling" requirement of section 3582. *Id*.

The government also argues that Yancy is a danger to the community, so she is ineligible for sentence reduction. *Id.* at 10; U.S.S.G. § 1B1.13. It argues that Yancy's various theft and drug convictions, spanning over more than twenty years, show that Yancy is a danger to the community. *Id*.

Yancy argues that she has participated in various educational and self-improvement programs while incarcerated and that she would have the support of her daughter if she were granted compassionate release. Mot. Release at 2.

Yancy's request is denied because, other than the health issues she points out, there is no reason to revisit the Section 3553(a) factors that were considered at the time of sentencing. *See, e.g.*, *United States v. Ram*, 2020 WL 3100837, at *3 (E.D. Ark. June 11, 2020).

IT IS SO ORDERED this 27th day of August, 2020.

                                                       */s/ Brian S. Miller*
                                                       UNITED STATES DISTRICT JUDGE